JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Roseanne Tomlinson

**DEFENDANTS**
Graham Management, LP d/b/a McDonald's, Inc.

**(b)** County of Residence of First Listed Plaintiff   Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
SIDNEY L. GOLD, ESQUIRE/ SIDNEY L. GOLD & ASSOC., P.C.
1835 MARKET ST., STE 515, PHILA., PA 19103
TELEPHONE (215) 569-1999   sgold@discrimlaw.net

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

|   |   |   |   |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | X 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|   | PTF | DEF |   | PTF | DEF |
|---|-----|-----|---|-----|-----|
| Citizen of This State | X 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | X 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | x 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

|   |   |   |   |   |   |
|---|---|---|---|---|---|
| x 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII
Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150,000 in excess

CHECK YES only if demanded in complaint:
JURY DEMAND:    x Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
August 31, 2016

SIGNATURE OF ATTORNEY OF RECORD
/s/Sidney L. Gold, Esquire    X

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:__1111 Swedes Road, Apt. 4, Douglassville, PA 19518__

Address of Defendant:__1428 East High Street, Pottstown, PA 19464__

Place of Accident, Incident or Transaction:__1428 East High Street, Pottstown, PA 19464__

(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No **X**

Does this case involve multidistrict litigation possibilities?    Yes☐    No **X**

*RELATED CASE, IF ANY:*

Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐    No**X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐    No**X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐    No**X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐    No **X**

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. **X Civil Rights**
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION

(*Check Appropriate Category*)

I, __Sidney L. Gold, Esquire__, counsel of record do hereby certify:

X  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X  Relief other than monetary damages is sought.

DATE: __August 31, 2016__          /s/Sidney L. Gold, Esquire          21374

_____          _____
Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __August 31, 2016__          /s/ Sidney L. Gold, Esquire          21374

_____          _____
Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  1111 Swedes Road, Apt. 4, Douglassville, PA 19518

Address of Defendant:   1428 East High Street, Pottstown, PA 19464

Place of Accident, Incident or Transaction:  1428 East High Street, Pottstown, PA 19464
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                     Yes☐    No X

Does this case involve multidistrict litigation possibilities?                                              Yes☐    No X
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                          Yes☐    No**X**
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                          Yes☐    No**X**
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                                          Yes☐    No**X**
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                                          Yes☐    No **X**

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. **X  Civil Rights**
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability --- Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I,   Sidney L. Gold, Esquire                                    , counsel of record do hereby certify:

    X  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

    X  Relief other than monetary damages is sought.

DATE:   August 31, 2016          /s/Sidney L. Gold, Esquire                     21374
                                 _____          _____
                                      Attorney-at-Law                   Attorney I.D.#

    NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   August 31, 2016          /s/ Sidney L. Gold, Esquire                    21374
                                 _____          _____
                                      Attorney-at-Law                   Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ROSEANNE TOMLINSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| GRAHAM MANAGEMENT, LP d/b/a | : | |
| McDONALD'S, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.           ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X )

| | | |
|---|---|---|
| August 31, 2016 | | /s/Sidney L. Gold, Esquire |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215.569.1999 | 215.569.3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSEANNE TOMLINSON, | : | **CIVIL ACTION NO:** |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| GRAHAM MANAGEMENT, LP | : | |
| d/b/a MCDONALD'S, INC. | : | |
| | : | |
| *Defendant.* | : | **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

### I.    PRELIMINARY STATEMENT:

1.      This is an action for an award of damages, attorney's fees and other relief on behalf of Plaintiff, Roseanne Tomlinson ("Plaintiff Tomlinson"), a former employee of Defendant, Graham Management, LP d/b/a McDonald's, Inc., who was harmed by the Defendant's discriminatory and retaliatory employment practices.

2.      This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991, at 42 U.S.C. §1981(a), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq.

### II.    JURISDICTION AND VENUE:

3.      The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff Tomlinson's claims are substantively based on Title VII.

4.      The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Tomlinson's claims arising under the PHRA.

5.      All conditions precedent to the institution of this suit have been fulfilled. On June 9, 2016, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC") and this action has been filed within ninety (90) days of receipt of said notice.

6.      Plaintiff Tomlinson has satisfied all other jurisdictional prerequisites to the maintenance of this action.

## III.   **PARTIES:**

7.      Plaintiff, Roseanne Tomlinson ("Plaintiff Tomlinson"), is a fifty-seven (57) year old individual and citizen of the Commonwealth of Pennsylvania, residing therein at 1111 Old Swedes Road, Apt. #4, Douglassville, Pennsylvania 19518.

8.      Defendant, Graham Management, LP d/b/a McDonald's, Inc., is a limited partnership duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at 1428 East High Street, Pottstown, Pennsylvania 19464.

9.      At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

10.     At all times material herein, the Defendant has been a "person" and "employer" as defined under Title VII and the PHRA, and is subject to the provisions of each said Act.

IV.    **STATEMENT OF FACTS:**

11.    Plaintiff Tomlinson was employed by the Defendant from in or about 2006 until on or about September 16, 2014, the date of her unlawful constructive termination.

12.    Throughout the course of her employment with the Defendant, Plaintiff Tomlinson held the positions of Manager and Crew Leader and maintained a satisfactory job performance rating in said capacities.

13.    Beginning in or about March of 2013, Kenny Johnson ("Johnson"), Maintenance Worker, began subjecting Plaintiff Tomlinson to a hostile work environment through various instances of uninvited and unwanted sexually-offensive remarks and sexually intimidatory conduct.

14.    By way of example, in or about March of 2014, Johnson approached Plaintiff Tomlinson at the end of the workday and stared at her in a sexually suggestive manner. Specifically, Johnson directed a lustful gaze at Plaintiff Tomlinson's buttocks for a noticeable length of time, in a purposeful attempt to have Plaintiff Tomlinson notice said sexually suggestive gaze.

15.    Thereafter on said date, Johnson began to follow Plaintiff Tomlinson around the workplace without a business or work-related purpose, further evidence of Johnson's desire to sexually harass Plaintiff Tomlinson via instances of sexually intimidatory conduct. In sum, Johnson began to stalk Plaintiff Tomlinson.

16.    Thereafter, in or about late March of 2014, following a severe snowstorm, Plaintiff Tomlinson was unable to move her automobile from the Defendant's parking lot, forcing her to sleep in her vehicle on said date. As a result thereof, Johnson abruptly

knocked on Plaintiff Tomlinson's vehicle's window, demanding that she exit her vehicle and sleep at his apartment instead, implying that he desired to engage in sexual relations with Plaintiff Tomlinson at his domicile.

17.     In response thereto, on said date, Plaintiff Tomlinson demanded that Johnson cease his sexually intimidatory behavior. Thereafter, Plaintiff Tomlinson exited her vehicle and returned to Defendant's premises, where she sought a cup of coffee. While Plaintiff Tomlinson retrieved said cup of coffee, Johnson stared at her through the window of Defendant's building in a sexually suggestive and intimidatory fashion.

18.     Thereafter, in or about mid-April of 2014, while Plaintiff Tomlinson was conversing with Pam Nolan ("Nolan"), Customer, Johnson suddenly appeared next to Plaintiff Tomlinson, hovering over her shoulder in a sexually aggressive manner. Thereafter, when Plaintiff Tomlinson attempted to walk away, Johnson kissed Plaintiff Tomlinson on her cheek and without her consent.

19.     In or about May of 2014, Johnson committed his most egregious act of sexual harassment against Plaintiff Tomlinson. Specifically, on said date, Johnson approached Plaintiff Tomlinson while she worked at the cash register. Upon confronting Plaintiff Tomlinson, Johnson stated the following sexually aggressive and lewd comments:

    (i)     "it would be good to have sex with me;"

    (ii)    "if you had sex with me you would never want another man;"

    (iii)   "I don't eat chocolate only vanilla;"

    (iv)    "You could not keep up with me in bed."

20.     In response thereto, Plaintiff Tomlinson demanded that Johnson cease and desist his sexually aggressive commentary and conduct.

21.     In retaliation for opposing Johnson's sexual advances, in or about late May of 2014, while Plaintiff Tomlinson was eating lunch on Defendant's premises with her boyfriend, Joe Salvatico ("Salvatico"), Johnson unexpectedly approached Plaintiff Tomlinson and demanded to "have a word" with her. Thereafter, as a result of Salvatico's presence and Johnson's realization that Plaintiff Tomlinson had a boyfriend, Johnson berated Plaintiff Tomlinson, yelling "What the hell is going on?" In response thereto, Plaintiff Tomlinson reiterated her opposition to Johnson's previous sexually aggressive conduct, informing him that "there was nothing ever between us." Immediately thereafter, as a result of Plaintiff Tomlinson's rejection of his sexual advances, Johnson sped away in his vehicle.

22.     As a result thereof, Plaintiff Tomlinson registered a formal complaint of sexual harassment and retaliation with Steve Nagle ("Nagle"), General Manager. Notwithstanding Plaintiff Tomlinson's protestations, Nagle failed to take any corrective action to cause Johnson's sexual harassment and retaliatory conduct to cease.

23.     Additionally, Plaintiff Tomlinson telephoned Marcia Graham ("M. Graham"), Owner, in an attempt to register formal complaints of sexual harassment against Johnson. Curiously, however, M. Graham failed to return Plaintiff Tomlinson's telephone calls.

24.     On or about August 4, 2014, M. Graham arrived on Defendant's premises to conduct Plaintiff Tomlinson's performance evaluation. During said evaluation,

Plaintiff Tomlinson was finally able to register a formal complaint of sexual harassment and retaliation with M. Graham. In response thereto, M. Graham stated, "Do not call the police, call me if this happens again!" Moreover, M. Graham undertook no remedial action to cause Johnson's sexually aggressive conduct to cease.

25.     As proof thereof, on or about August 7, 2014, Johnson approached Plaintiff Tomlinson while she worked at the cash register and shouted -- "Hey! You take my order!" – in a frighteningly intimidatory and retaliatory manner.

26.     In response thereto, Plaintiff Tomlinson began to weep uncontrollably out of fear of Johnson. Thereafter, Plaintiff Tomlinson registered a third formal complaint of retaliation with Tom LNU ("Tom LNU"), Manager, who informed M. Graham and Bruce Graham ("B. Graham"), Co-owner, of Johnson's actions against Plaintiff Tomlinson.

27.     Thereafter on said date, M. and B. Graham met with Plaintiff Tomlinson to discuss the aforesaid incident with Johnson. In response to Plaintiff Tomlinson's reiteration of Johnson's sexually aggressive and retaliatory conduct, M. Graham instructed Plaintiff Tomlinson to "not say anything to anybody about this," thereby once again failing to undertake any remedial action to cause Johnson's unlawful conduct to cease.

28.     Thus, the Defendant has displayed an ongoing pattern of apathy and disinterest in preventing and correcting workplace sexual harassment.

29.     As a result of the discriminatory and retaliatory treatment and Defendant's failure to take corrective action, the Defendant purposely impeded Plaintiff Tomlinson's ability to perform her job duties and caused Plaintiff Tomlinson to suffer from severe emotional distress.

30.     Specifically, in or about mid-August of 2014, Plaintiff Tomlinson began to suffer symptoms of depression and post-traumatic stress disorder following Defendant's failure to undertake remedial action with respect to Johnson, necessitating her commencement of a medical leave of absence from work.

31.     On or about September 16, 2014, as a result of the intolerable working conditions caused by Johnson, coupled with Defendant's persistent failure to undertake any remedial action in response thereto, Plaintiff Tomlinson's employment was unlawfully constructively terminated.

32.     By way of additional information, as further evidence of Johnson's sexually aggressive conduct and Defendant's failure to take corrective action in response thereto, Johnson likewise sexually harassed Rosemarie Brunner ("Brunner"), Cashier. Specifically, in or about April of 2014, Plaintiff Tomlinson witnessed Johnson stalk Brunner in an intimidatory and sexually aggressive manner. Further, on one such occasion, Johnson stated to Brunner, "I want to eat your pussy off a platter." Similar to Plaintiff Tomlinson, Brunner registered a formal complaint with Tom LNU. Upon information and belief, the Defendant likewise failed to undertake any remedial action to cause Johnson's sexual harassment towards Brunner to cease.

## COUNT I
### (Title VII - Hostile Work Environment Sexual Harassment and Retaliation)
### Plaintiff Tomlinson v. the Defendant

33.    Plaintiff Tomlinson incorporates by reference paragraphs 1 through 32 of her Complaint as though fully set forth at length herein.

34.    The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Tomlinson to hostile work environment sexual harassment and retaliation, constituted violations of Title VII.

35.    As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Tomlinson sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

36.    As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Tomlinson suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (PHRA - Hostile Work Environment Sexual Harassment and Retaliation)
### Plaintiff Tomlinson v. the Defendant

37.    Plaintiff Tomlinson incorporates by reference paragraphs 1 through 36 of her Complaint as though fully set forth at length herein.

38.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Tomlinson to hostile work environment sexual harassment and retaliation, constituted violations of the PHRA.

39.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Tomlinson sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

40.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Tomlinson suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## **PRAYER FOR RELIEF**

41.     Plaintiff Tomlinson incorporates by reference paragraphs 1 through 40 of her Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Tomlinson requests that this Court enter judgment in her favor and against the Defendant, and Order that:

a.     Defendant compensate Plaintiff Tomlinson with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination and retaliation;

b.      Defendant compensate Plaintiff Tomlinson with an award of front pay, if

appropriate;

c.      Defendant pay to Plaintiff Tomlinson punitive damages, compensatory

damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss

of enjoyment of life and other nonpecuniary losses as allowable;

d.      Defendant pay to Plaintiff Tomlinson, pre and post judgment interest, costs

of suit and attorney and expert witness fees as allowed by law;

e.      The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Tomlinson demands trial by jury.


**SIDNEY L. GOLD & ASSOCIATES, P.C.**

**/s/Sidney L. Gold, Esquire**

By:   _____

SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21374
TRACI M. GREENBERG, ESQUIRE
I.D. NO.: 86396
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorney for Plaintiff**

DATED:      August 31, 2016

## VERIFICATION

I hereby verify that the statements contained in the attached Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

8-22-16
_____          _____
                                      **ROSEANNE TOMLINSON, PLAINTIFF**

DATED: